IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAYMOND RICHARD WHITALL,<br>　　　　Plaintiff,<br>　　v.<br>S.D. GUTIERREZ, et al.,<br>　　　　Defendants. | Case No. 18-cv-01376-CRB<br><br>**ORDER GRANTING MOTION TO VACATE** |

Plaintiff Raymond Richard Whitall moves this Court to vacate its November 5, 2019 order granting partial summary judgment to the Defendants. Mot. (dkt. 104). In that order, the Court held that Whitall could not pursue state claims on the basis of a February 28, 2017 incident of alleged prison excessive force ("Event I") because Whitall had not complied with the Government Claims Act ("GCA"). See Summary Judgment Order (dkt. 50) at 2. Recently, the State of California discovered it had made a mistake: Whitall had in fact complied with the GCA as he had always claimed. Thus, the parties agree that the state claims that were viable prior to the summary judgment order should be reinstated. See Mot.; Opp. (dkt. 105); Reply (dkt. 111).

The question is which claims were viable at that time. On July 30, 2019, the Court had dismissed all claims that arose from "Event II"—which involved a series of events involving many defendants over nine months—because those claims could not be joined with those in Event I. See Order on MTD (dkt. 29) at 2-4. But the Court permitted all claims arising from Event I to continue. See id. at 4 ("[T]his action will go forward but will be limited to plaintiff's arguably cognizable claim from Event I that . . . [Defendants] used excessive force against him in violation of the Eighth Amendment and state law."

(emphasis added)); see also SAC (dkt. 8) ¶¶ 42-58 (allegations concerning Event I). The state claims that were viable prior to the summary judgment order were those pertaining to Event I and within the scope of the above sentence of the Court's dismissal order.

Defendants insist that only that the battery claim was viable. See SAC ¶ 98. Whitall contends that eight additional state claims pertained to the excessive force in Event I: Cruel and Unusual Punishment (SAC ¶ 94); Freedom of Speech (SAC ¶ 95); Use of Unnecessary Force (SAC ¶ 103); Dependent Adult Abuse (SAC ¶ 105); Battery Against Dependent Adult (SAC ¶ 114); Dependent Adult Endangerment (SAC ¶ 115); Intentional Infliction of Emotional Distress (SAC ¶ 116); Bane Civil Rights Act (SAC ¶ 117).

The Court finds that its prior order permitted all the above state claims except the Freedom of Speech claim, which lacked any remote connection to Event I. But Defendants may well be right that some of these other claims fail as a matter of law.[1] Because the only issue here is the motion to vacate, the Court does not reach anything else. However, the Court will permit another summary judgment motion as to these state claims at the close of discovery.

For the reasons described above, the Court VACATES its prior summary judgment order and reinstates Whitall's claims for (1) cruel and unusual punishment; (2) battery; (3) use of unnecessary force; (4) dependent adult abuse; (5) battery against a dependent adult; (6) dependent adult endangerment; (7) intentional infliction of emotional distress; and (8) the Bane Civil Rights Act.

**IT IS SO ORDERED.**

Dated: May 2, 2022

CHARLES R. BREYER
United States District Judge

---

[1] See Opp. at 7-9; see, e.g., Giraldo v. Dep't of Corr. & Rehab., 168 Cal. App. 4th 231, 256 (2008) ("[W]e conclude there is no basis to recognize a claim for damages under article I, section 17 of the California Constitution [the Cruel and Unusual Punishment provision]."); Davis v. Powell, 901 F. Supp. 2d 1196, 1211 (S.D. Cal. 2012) ("There is no implied private right of action under title fifteen of the California Code of Regulations [which includes the regulation concerning use of unnecessary force].")