United States District Court
Northern District of California

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

RAYMOND RICHARD WHITALL,
Plaintiff,
v.
S.D. GUTIERREZ, et al.,
Defendants.

Case No. 18-cv-01376-CRB (TSH)

**DISCOVERY ORDER**

Re: Dkt. No. 110, 117, 119

Plaintiff Raymond Whitall asserts an Eighth Amendment claim for excessive force arising out of an event on February 28, 2017. ECF No. 50. Recently, Judge Breyer reinstated Whitall's state-law claims for cruel and unusual punishment, battery, use of unnecessary force, dependent adult abuse, battery against a dependent adult, dependent adult endangerment, intentional infliction of emotional distress, and a violation of the Bane Act, arising out of the same incident. ECF No. 113.

Defendants have moved under Federal Rule of Civil Procedure 35 to take a mental examination of Whitall. ECF No. 110. Rule 35 requires that Whitall's mental health be "in controversy" and that there be "good cause" for the exam before it can be ordered. The Supreme Court has explained that Rule 35 "requires discriminating application by the trial judge, who must decide, as an initial matter in every case, whether the party requesting a mental or physical examination or examinations has adequately demonstrated the existence of the Rule's requirements of 'in controversy' and 'good cause,'" *Schlagenhauf v. Holder*, 379 U.S. 104, 118-19 (1964). These requirements "are not met by mere conclusory allegations of the pleadings – nor by mere relevance to the case – but require an affirmative showing by the movant that each condition as to which the examination is sought is really and genuinely in controversy and that good cause

United States District Court
Northern District of California

exists for ordering each particular examination." *Id.* at 118.

"A mental condition is 'in controversy' when it is itself the subject of the litigation." *Gavin v. Hilton Worldwide, Inc.*, 291 F.R.D. 161, 164 (N.D. Cal. 2013). In general, this means that one or more of the following factors is present: (1) the complaint includes a claim for intentional or negligent infliction of emotional distress; (2) the plaintiff alleges a specific mental or psychiatric injury or disorder; (3) the plaintiff claims unusually severe emotional distress; (4) the plaintiff offers expert testimony to support the claim of emotional distress; or (5) the plaintiff concedes that her mental condition is "in controversy" for purposes of Rule 35. *Id.* By contrast, a mental condition is not "in controversy" when a plaintiff alleges garden variety emotional distress, such as alleging that he suffered emotional distress as a result of employment discrimination. *Id.* at 164-65. "Suffering a legal wrong is often emotionally distressing, but if that qualified as putting a mental condition 'in controversy,' courts would be ordering mental exams all the time, which is inconsistent with the 'discriminating application' required by Rule 35." *Hardin v. Mendocino Coast District Hosp.*, 2019 WL 1493354, *1 (N.D. Cal. April 4, 2019) (citing *Schlagenhauf*, 379 U.S. at 118).

Here, as noted above, Whitall has a pending claim for intentional infliction of emotional distress. That is enough to put his mental condition "in controversy." *See Gavin*, 291 F.R.D. at 164.

The harder question is whether there is "good cause" for the mental exam. To make this showing, "the moving party generally must offer specific facts justifying the discovery." *Gavin*, 291 F.R.D. at 165. "Relevant factors courts consider include the possibility of obtaining desired information by other means, whether plaintiff plans to prove her claim through testimony of expert witnesses, whether the desired materials are relevant, and whether plaintiff is claiming ongoing emotional distress." *Id.* (citation and quotation marks omitted).

Defendants point to page 23 of Whitall's second amended complaint ("SAC"), ECF No. 8, in which he alleges that as a result of the February 28, 2017 incident he suffered "a) concussion, b) abrasions and/or cuts to bilateral scalp and face, left forehead, bilateral temples, c) headache/facial pain, d) hematoma to left forehead and bilateral temples, e) swelling to left frontal scalp and right

temple, f) heart episode, g) cut to left ear, h) post-traumatic stress disorder, i) nightmares, j) exacerbated depression, k) exacerbated anxiety, l) fearfulness, m) isolation, n) loss of consortium, o) loss of privileges, p) loss of limited freedom, q) disciplinary repercussion, r) harm to reputation, s) mental suffering pursuant to WI §15610.53." Defendants also point to paragraph 116 of the SAC, in which Whitall alleges the incident "inflicted upon and caused Plaintiff to experience severe and exacerbated mental and emotional distress, both acute and chronic . . ."

Whitall testified in his deposition that a prison psychologist diagnosed him with PTSD and that as a result of this incident, his depression and anxiety got worse. ECF No. 110-2, Ex. A. His response to interrogatory 6 states that he suffered mental and emotional distress and physical injuries as a result of the incident. *Id*., Ex. F. In July 2021, Whitall testified in another case that he suffered emotional distress as a result of the events in that case. *Id*., Ex. G.

Although Defendants have demonstrated that Whitall's mental condition is "in controversy," they have failed to demonstrate "good cause" for the mental exam. The type of emotional distress Whitall is claiming is what any victim of a beating would claim. He does not appear to contend he has any sort of unusual or rare condition that would necessitate expert analysis.[1] Page 23 of the SAC tosses in emotional distress damages along with everything else Whitall could think of, including "heart episode," "concussion," and "harm to reputation." Yes, people suffer mental anguish when they are beaten, but juries hear testimony about that all the time, and they don't need an independent medical expert to help them evaluate the plaintiff's testimony.[2]

As Whitall points out, because he is in prison, Defendants have possession of all of his

[1] For a contrary example, consider *Kob v. County of Marin*, 2009 WL 3706820, *2 (N.D. Cal. Nov. 3, 2009): "Plaintiff claims that the stress associated with her situation at work caused a number of physical problems. Stress intensified a syndrome called 'benign familial tremor,' which affects her balance, and also created another syndrome called 'dumping syndrome,' which causes stomachaches. Stress caused her to lose weight. Stress caused her problems with her esophagus, which she continues to take prescription strength medication to treat. Stress caused grinding of her teeth, which resulted in fractures and two root canals."

[2] The Court finds Defendants' reliance on *Ragge v. MCA/Universal Studios*, 165 F.R.D. 605 (1995), unhelpful because in that case the plaintiff did not oppose the request for a mental exam, and the only issue in dispute was what conditions to attach to the exam. *Id*. at 607.

medical and psychological records. Those records plus his deposition are fully sufficient to let Defendants evaluate Whitall's claimed emotional distress damages.

Defendants also argue that because Whitall has alleged emotional distress damages in another pending lawsuit, they need an expert medical opinion to opine regarding apportionment. The Court is unpersuaded. Whitall's deposition testimony in this case establishes that he had been treated for depression and anxiety before the incident in question. That testimony, plus the fact that he is also seeking emotional distress damages in another case, plus the fact that Defendants have all of Whitall's medical records from his time in prison are sufficient to allow Defendants to develop any arguments they may wish to make that his emotional distress has other causes as well.

Accordingly, Defendants' motion to compel is denied.[3]

**IT IS SO ORDERED.**

Dated: June 16, 2022

THOMAS S. HIXSON
United States Magistrate Judge

[3] In their reply brief, Defendants argue that they cannot rely on depositions of Whitall's prison mental health practitioners because doing so may have an adverse effect on the relationships between inmates and those practitioners, and they submit a declaration to that effect. ECF No. 115. Plaintiff objects to the declaration as new evidence on reply, ECF No. 117, and Defendants move to strike the objection as an improper sur-reply. ECF No. 119. The Court overrules the objection (ECF No. 117) and denies the motion to strike (ECF No. 119) as moot. Plaintiff did not argue in his opposition that Defendants could rely on depositions of prison mental health practitioners; he argued that Defendants possess his medical records because he is in prison. The new argument in reply was therefore responding to nothing, and the Court declines to consider it.