UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

HON. THOMAS S. HIXSON

RAYMOND R. WHITALL,            )
                               )
            Plaintiff,         )
vs.                            )
                               )  CASE NO. 3:18-cv-01376-CRB
S.D. GUTIERREZ, ET AL.,        )
                               )
            Defendants.        )
_____)

TRANSCRIPT OF PROCEEDINGS

DISCOVERY HEARING

June 16, 2022 at 9:31 a.m.

**APPEARANCES**
(All present by video or telephone)

FOR THE PLAINTIFF:        FENWICK & WEST LLP
                          BY: ALYSSA CROOKE, ESQ.
                          555 California Street
                          San Francisco, CA 94104
                              LYNN H. PASAHOW, ESQ.
                          801 California Street
                          Mountain View, CA 94041

FOR THE DEFENDANTS:       ATTORNEY GENERAL'S OFFICE
                          BY: JULIET M. LOMPA, ESQ.
                          455 Golden Gate Avenue
                          Suite 11000
                          San Francisco, CA 94102

PROCEEDINGS RECORDED BY ELECTRONIC SOUND RECORDING; TRANSCRIPT PRODUCED BY ESCRIBERS, LLC


www.escribers.net | 800-257-0885

1           THE CLERK:  Good morning, everyone.  We are here in
2    civil action 18-1376, Whitall v. Gutierrez, et al.  the
3    Honorable Thomas S. Hixson presiding.
4           Counsel, please state your appearances for the
5    record.  Let's start with Plaintiff's counsel.
6           MS. CROOKE:  Thank you.  My name is Alyssa Crooke.
7    And I am from Fenwick & West, representing the Plaintiff.
8           And I also have my colleague, Lynn Pasahow, with me,
9    as well.
10          THE COURT:  Good morning.
11          MS. CROOKE:  Good morning.
12          MS. LOMPA:  Good morning.  Juliet Lompa for
13   Defendants.
14          THE COURT:  Good morning.
15          Ms. Crooke, if I understand correctly --
16          MS. CROOKE:  Um-hum.
17          THE COURT:  -- Plaintiff has a pending claim for
18   intentional infliction of emotional distress as a result of
19   Judge Breyer's recently reinstating his state law claims; is
20   that correct?
21          MS. CROOKE:  Yes.  The intentional infliction of
22   emotional distress was reinstated, Your Honor.
23          THE COURT:  All right.  And I take it the Plaintiff
24   is not disputing that his mental state is in controversy.
25   You're fighting on the good cause requirement; is that right?

1        MS. CROOKE:  Correct.

2        THE COURT:  All right.  When are expert reports due?
3   Or is there a deadline?

4        To avoid the mystery, what I want to ask is do you
5   plan to have an emotional distress or mental health expert for
6   Mr. Whitall or not?

7        MS. CROOKE:  So we do plan to depose or have his
8   treating professionals possibly testify.  But we don't plan to
9   have an independent expert testify unless, of course, one is
10  granted for the Defendants here today.

11       THE COURT:  Okay.  So his treating expert, but no
12  independent expert.

13       Would they get into all of his damages or is it just
14  limited to emotional distress or his physical damages, too?

15       MS. CROOKE:  So we could have different treating
16  professionals for the different damages, since they would be
17  aware of different aspects.

18       THE COURT:  I see.  Okay.  All right.  Thank you.

19       Well, then, Ms. Lompa, I'll turn to you.  I'm a
20  little bit stuck on the good cause requirement.  It doesn't
21  seem that the Plaintiff is saying he has any kind of unusual
22  mental health injuries.  It seems like he has the -- sort of
23  the depression and anxiety or the increased depression and
24  anxiety that you would think a beating up -- a victim of a
25  beating would have.  So why is there good cause here?

1          MS. LOMPA:  Well, there's good cause because he
2  complains and contends that his post-traumatic stress disorder,
3  depression, and anxiety were made worse and are continuing to
4  be problematic as a result of this direct incident.  And those
5  are mental injuries, as opposed to a physical injury.  They're
6  actually diagnosed injuries that require a mental health
7  practitioner to diagnose generally.  And he is treated by
8  mental health practitioners.
9          This isn't a case where there's a garden variety pain
10 and suffering type emotional distress.  This is a particular
11 inmate that has mental health injuries and pre-existing history
12 and other incidences where he has claimed, and is claiming
13 currently, exacerbation of his mental health injuries and
14 conditions.  So we would be -- the defense would be unable to
15 provide any means of defending those mental health injures
16 without the assistance of an independent psychiatrist or
17 psychologist.  And we would like Dr. Strassberg to be able to
18 examine him, in compliance with the standards of the American
19 Psychiatric Association.
20         THE COURT:  All right.  Rule 35 mental exams are
21 supposed to be an exception and not the norm.  And so one thing
22 I focus on is whether there's any evidence that the type of
23 mental health injuries the Plaintiff has sustained are
24 different in any way from what you would just think that any
25 beating victim would suffer.  I imagine anyone would have

1  anxiety or depression as a result of that.
2            Is there anything you can pinpoint or focus on that
3  would say, no, this case is different; he's looking unusual?
4            MS. LOMPA:  I do think that there is an exception
5  because this inmate is actively receiving mental health
6  treatment before this incident.  So he has that history, and
7  he's claiming that those mental conditions were made worse.
8  And so we have -- it's going to be very, I think, difficult to
9  be able to parse out what is part of his history of mental
10 health conditions versus exacerbations of those mental health
11 conditions as a -- allegedly as a result of this incident.
12           And so he also -- like you noted, that he has this
13 cause of action for intentional infliction of emotional
14 distress, his complaints are both physical and psychiatric
15 injuries.  And so it isn't -- I mean, that is an exception, it
16 seems, because it falls within an expertise.  And as Plaintiffs
17 point out, they intend to rely, apparently, on mental health
18 practitioners in support of their case.  So we really think
19 that there is an exception here, especially because of his
20 previous history and the potential apportionment to other
21 instances that the inmate has had occur.
22           THE COURT:  All right.  Plaintiff makes their
23 argument in their opposition that the prison -- because he's an
24 inmate, the prison would have records of all of his medical
25 appointments and diagnoses and treatments just because they

6

1  took place in the prison.  Is that factually correct, do you
2  think?
3              MS. LOMPA:  I don't, because they don't necessarily
4  provide the information that a mental IME would provide.  They
5  don't --
6              THE COURT:  Oh, sure.  But I'm asking a different
7  question.
8              MS. LOMPA:  Oh, okay.
9              THE COURT:  Whatever records there are, the prison
10 would have them, right?
11             MS. LOMPA:  Whatever records there are, we have, yes.
12 But they don't necessarily provide any discussion or analysis
13 of how his mental conditions were affected by the incident at
14 all.  And that's really the key here, is that we don't have
15 that information.  And you've already seen the reason why we
16 don't believe it's in the inmate's best interest to rely on and
17 depose his treating physicians.
18             THE COURT:  Right, understood.
19             Okay.  All right.  Thank you, counsel.  I don't have
20 any more questions.  I will aim to get out a written order
21 within the next day or two, assuming things go well.  But for
22 now, we'll take the matter under submission, and I'll get out a
23 written order hopefully soon.
24             MS. LOMPA:  Thank you.
25             MS. CROOKE:  Okay.  Thank you, Your Honor.



1          THE CLERK:  Thank you, everyone.  We're off the
2   record in this matter.  Court is in recess.
3          (Proceedings concluded at 9:39 a.m.)
4                         * * * * *

1                    C̲ E̲ R̲ T̲ I̲ F̲ I̲ C̲ A̲ T̲ E̲

2             I, court-approved transcriber, certify that the

3    foregoing is a correct transcript from the official electronic

4    sound recording of the proceedings in the above-entitled

5    matter.

6

7

8

9    [signature: Sara Bernstein]

10

11
     _____          June 27, 2022
12   Signature of Approved Transcriber        Date

13

14   Sara Bernstein, CDLT-127
     Typed or Printed Name

15

16

17

18

19

20

21

22

23

24

25