1

2

3

4                             UNITED STATES DISTRICT COURT

5                            NORTHERN DISTRICT OF CALIFORNIA

6

7    RAYMOND RICHARD WHITALL,              Case No.  18-cv-01376-CRB   (TSH)

8                     Plaintiff,

9         v.                               **ORDER RE: SANCTIONS MOTION**

10   S.D. GUTIERREZ, et al.,                Re: Dkt. No. 147

11                     Defendants.

12

13          The parties have filed a joint discovery letter brief in which Plaintiff moves for evidentiary

14   sanctions, monetary sanctions and attorneys' fees.  ECF No. 147.  Judge Breyer has referred the

15   motion to the undersigned.  ECF No. 149.  In the letter brief, Plaintiff states that due to space

16   limitations, he cannot detail Defendants' many transgressions, and he requests that the Court grant

17   him leave to submit formal briefing.

18          As it happens, that is what Plaintiff was supposed to do in the first place.  Civil Local Rule

19   37-4 states:

20          When, in connection with a dispute about disclosure or discovery, a
            party moves for an award of attorney fees or other form of sanction
21          under Fed. R. Civ. P. 37, the motion must:

22                 (a) Comply with Civil L.R. 7-8 and Civil L.R. 7-2; and

23                 (b) Be accompanied by competent declarations which:

24                        (1) Set forth the facts and circumstances that support
                          the motion;
25

26                        (2) Describe in detail the efforts made by the moving
                          party to secure compliance without intervention by the
27                        Court; and

28                        (3) If attorney fees or other costs or expenses are
                          requested, itemize with particularity the otherwise

United States District Court
Northern District of California

1
2

         unnecessary expenses, including attorney fees, directly caused by the alleged violation or breach, and set forth an appropriate justification for any attorney-fee hourly rate claimed.

3   Civil Local Rule 7-8 further provides:

4
5

    Any motion for sanctions, regardless of the sources of authority invoked, must comply with the following:

6

      (a) The motion must be separately filed and the date for hearing must be set in conformance with Civil L.R. 7-2;

7

      (b) The form of the motion must comply with Civil L.R. 7-2;

8
9
10

      (c) The motion must comply with any applicable Federal Rule and must be made as soon as practicable after the filing party learns of the circumstances that it alleges make the motion appropriate; and

11

      (d) Unless otherwise ordered by the Court, no motion for sanctions may be served and filed more than 14 days after entry of judgment by the District Court.

12   Finally, Civil Local Rule 7-2 provides:

13
14
15
16
17

    (a) Time.  Except as otherwise ordered or permitted by the assigned Judge or these Local Rules, and except for motions made during the course of a trial or hearing, all motions must be filed, served and noticed in writing on the motion calendar of the assigned Judge for hearing not less than 35 days after filing of the motion. Fed. R. Civ. P. 6(d), which extends deadlines that are tied to service (as opposed to filing), does not apply and thus does not extend this deadline.

18

    (b) Form.  In one filed document not exceeding 25 pages in length, a motion must contain:

19
20

      (1) On the first page in the space opposite the caption and below the case number, the noticed hearing date and time;

21

      (2) In the first paragraph, notice of the motion including date and time of hearing;

22
23

      (3) In the second paragraph, a concise statement of what relief or Court action the movant seeks; and

24

      (4) In the succeeding paragraphs, the points and authorities in support of the motion — in compliance with Civil L.R. 7-4(a).

25
26

    (c) Proposed Order.  Unless excused by the Judge who will hear the motion, each motion must be accompanied by a proposed order.

27

    (d) Affidavits or Declarations.  Each motion must be accompanied by affidavits or declarations pursuant to Civil L.R. 7-5.

28   The undersigned's Discovery Standing Order is to the same effect, stating that "[n]o

*United States District Court*
*Northern District of California*

motion for sanctions may be filed until after the moving party has complied with the requirements above," concerning joint discovery letter briefs.  The Discovery Standing Order then provides that "[m]otions for sanctions shall be filed separately, pursuant to Federal Rule 37 and Civil Local Rules 7 and 37-4."

Accordingly, the Court **ORDERS** Plaintiff to refile his motion for sanctions as a formal noticed motion in conformity with Civil Local Rules 7-2, 7-8 and 37-4.

**IT IS SO ORDERED.**

Dated: February 21, 2023

THOMAS S. HIXSON
United States Magistrate Judge

United States District Court
Northern District of California