1
2
3
4
5

IN THE UNITED STATES DISTRICT COURT

6

FOR THE NORTHERN DISTRICT OF CALIFORNIA

7

8

| | |
|---|---|
| RAYMOND RICHARD WHITALL,<br><br>Plaintiff,<br><br>v.<br><br>S.D. GUTIERREZ, et al.,<br><br>Defendants. | Case No.  18-cv-01376-CRB<br><br>**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION FOR SUMMARY JUDGMENT** |

9
10
11
12
13

Plaintiff Raymond Whitall, a prisoner at Salinas Valley State Prison (SVSP), brings various federal and state claims against SVSP correctional officers Gutierrez, Gudino, Aboytes, Vasquez, Ramirez, and Caballero (collectively, "Defendants"), arising out of an incident where Defendants allegedly attacked him in prison. See Second Am. Compl. (dkt. 8) at 8–13.

The Court previously dismissed Whitall's state law claims on the grounds that he failed to comply with California's Government Claims Act ("GCA"). Summ. J. Order. (dkt. 50) at 2. However, the State of California later realized it made a mistake—in fact, Whitall had complied with the GCA—so Whitall filed a motion to vacate the Court's previous order dismissing Whitall's state law claims. See Mot. to Vacate (dkt. 104). The Court vacated its prior summary judgment order and reinstated eight of his state tort claims. See Order Granting Mot. to Vacate (dkt. 113).

Defendants now move for summary judgment again on six of those reinstated state claims: (1) cruel and unusual punishment; (2) use of unnecessary force; (3) dependent adult abuse; (4) battery against a dependent adult; (5) dependent adult and endangerment;

and (6) intentional infliction of emotion distress.[1]  Defendant Gudino also moves for summary judgment as to all of Whitall's claims against him on qualified immunity grounds.  The Court GRANTS summary judgment for Defendants on Whitall's claims for (1) cruel and unusual punishment, and (2) use of unnecessary force, and DISMISSES those claims.  However, the Court DENIES summary judgment as to the other four tort claims, as well as to the rest of the claims against Defendant Gudino.

## I.    BACKGROUND

On February 28, 2017, Plaintiff Raymond Whitall, a prisoner in custody at SVSP, approached a correctional officer and requested medical care for his injured finger.  See Second Am. Compl. at 8–9.  Several correctional officers escorted him to a holding cage. Id. at 9.  While in the holding cage, Whitall was strip-searched.  Id. at 9.  Whitall says he was then released from the holding cell to pick up his clothes and get dressed, but in the process, he fell to the ground due to a vertigo episode caused by his Meniere's disease.  Id. at 10.  While Whitall was "writhing on the floor in pain," he alleges that Defendants "suddenly, without warning, and viciously, struck him several times in the head."  Id. at 11.  The injuries he sustained during the incident allegedly left Whitall concussed and in the hospital.  Id. at 12.

Whitall filed a pro se second amended complaint in 2018, asserting a laundry list of claims related to the February 2017 incident, as well as claims related to a separate incident ("Event II") that occurred once he returned to prison.  See Second Am. Compl. The Court screened the case, see 28 U.S.C. § 1915A(a), and found that, liberally construed, Whitall's allegations appeared to state arguably cognizable claims for damages under § 1983 and state tort claims against the named individual SVSP officials involved in both incidents.  See Order of Service (dkt. 10) at 2.  The Court found otherwise as against the State of California, the California Department of Corrections and Rehabilitation, former SVSP Warden Muniz and then-current SVSP Warden Hatton, so the Court

---

[1] Defendants do not move for summary judgment on Whitall's state claims for battery or the Bane Civil Rights Act.

United States District Court
Northern District of California

dismissed those defendants and permitted the case to proceed only against the individual SVSP officials.  Id.

A few months later, Defendants filed motions to dismiss on improper joinder grounds.  See Mots. to Dismiss (dkts. 14, 17).  Granting those motions in part, the Court dismissed Whitall's claims stemming from Event II because they were unrelated to the February 2017 incident and against different defendants—and therefore did not satisfy the requirements for permissive joinder under Federal Rule of Civil Procedure 20(a)(2).  See Mot. to Dismiss Order (dkt. 29) at 2–4.  The court also dismissed the corresponding SVSP officials for the Event II claims.  Id. at 4.  Going forward, Whitall's action was limited to his "arguably cognizable claim" that in February 2017, Defendants Gutierrez, Gudino, Aboytes, Vasquez, Ramirez, and Caballero  "used excessive force against him in violation of the Eighth Amendment and state law."[2]  Id.

Defendants then moved for summary judgment on Whitall's state tort claims, claiming that Whitall failed comply with California's Government Claims Act ("GCA"), which requires first filing a claim with the California Victim Compensation and Government Claims Board.  See First Mot. Summ. J. (dkt. 38).  Defendants' motion was based on information provided by the Department of General Services—the department that maintains records of claims filed by inmates—which indicated that Whitall failed to file a government claim related to the February 2017 incident.  See Reply First Mot. Summ. J. (Dkt. 46-1, Exs. A–G).  The Court granted Defendants' summary judgment motion based on Whitall's failure to comply with the GCA and dismissed his state tort claims.  See Dkt. 50.  That limited the action to Whitall's sole Eighth Amendment claim against the Defendants.  Id.

At that time, trial appeared imminent, see Order Referring to FPBP (dkt. 74), so the Court appointed Whitall counsel, see Order Appointing Counsel (dkt. 80).

---

[2] The Court also allowed the action to proceed against SVSP correctional officer A. Velasquez, but he was never served with process.  See Dkt. 22, minute entry.  The summons was returned because there was no one with that name at SVSP.  Id.

United States District Court
Northern District of California

1  Then, the parties learned that California's Department of Government Services had
2  made a mistake: in fact, Whitall <u>had</u> complied with the GCA and filed a government claim
3  for the February 2017 incident.  <u>See, e.g.</u>, dkt. 104-5, Ex. D.  Once that information came
4  to light, Whitall filed a motion to vacate the Court's order dismissing his state tort claims.
5  <u>See</u> Mot. to Vacate (dkt. 104).  The Court agreed to vacate its earlier order and reinstated
6  Whitall's state law claims that were viable prior to the summary judgment order, which
7  were: (1) cruel and unusual punishment; (2) battery; (3) use of unnecessary force; (4)
8  dependent adult abuse; (5) battery against a dependent adult; (6) dependent adult
9  endangerment; (7) intentional infliction of emotional distress; and (8) the Bane Civil
10  Rights Act.  <u>See</u> Order Granting Mot. to Vacate (dkt. 113).  The Court noted that it would
11  permit Defendants to file "another summary judgment motion as to these state claims at
12  the close of discovery."  <u>Id.</u>

13  Defendants took the Court up on that offer.  The motion at issue is Defendants'
14  second motion for summary judgment as to six of Whitall's reinstated tort claims: (1) cruel
15  and unusual punishment; (2) use of unnecessary force; (3) dependent adult abuse; (4)
16  battery against a dependent adult; (5) dependent adult endangerment; and (6) intentional
17  infliction of emotional distress.  <u>See</u> Mot. (dkt. 137).  Defendant Gudino also moves for
18  summary judgment as to all of Whitall's claims against him on qualified immunity
19  grounds.  <u>Id.</u>

## II.   LEGAL STANDARD

21  Summary judgment is appropriate "if the movant shows that there is no genuine
22  dispute as to any material fact and the movant is entitled to judgment as a matter of law."
23  Fed. R. Civ. P. 56(a); <u>see also</u> <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 323 (1986).  A
24  genuine issue of fact is one that could reasonably be resolved in favor of either party.  <u>See</u>
25  <u>Celotex</u>, 477 U.S. at 322–23.  A dispute is "material" only if it could affect the outcome of
26  the suit under the governing law.  <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 248–49
27  (1986).

28  "A moving party without the ultimate burden of persuasion at trial—usually, but not

4

always, a defendant—has both the initial burden of production and the ultimate burden of persuasion on a motion for summary judgment." <u>Nissan Fire & Marine Ins. Co. v. Fritz Cos.</u>, 210 F.3d 1099, 1102 (9th Cir. 2000) (citing 10A Charles Alan Wright, Arthur R. Miller and Mary Kay Kane, Federal Practice and Procedure § 2727 (3d ed. 1998)).  "In order to carry its burden of production, the moving party must either produce evidence negating an essential element of the nonmoving party's claim or defense or show that the nonmoving party does not have enough evidence of an essential element to carry its ultimate burden of persuasion at trial."  <u>Id.</u> (citing <u>High Tech Gays v. Defense Indus. Sec. Clearance Office</u>, 895 F.2d 563, 574 (9th Cir. 1990)).

"If a moving party fails to carry its initial burden of production, the nonmoving party has no obligation to produce anything."  <u>Id.</u> at 1103 (internal citation omitted).  If, however, a moving party carries its burden of production, the nonmoving party must produce evidence to support its claim or defense.  <u>See id.</u>  If the nonmoving party fails to produce enough evidence to create a genuine issue of material fact, the moving party wins the motion for summary judgment.  <u>See id.</u>  But if the nonmoving party produces enough evidence to create a genuine issue of material fact, the nonmoving party defeats the motion. <u>See id.</u>

## III.   DISCUSSION

### A.   All Defendants

Defendants Gutierrez, Gudino, Aboytes, Vasquez, Ramirez, and Caballero move for summary judgment on six of Whitall's state tort claims: (1) cruel and unusual punishment; (2) use of unnecessary force; (3) dependent adult abuse; (4) battery against a dependent adult; (5) dependent adult endangerment; and (6) intentional infliction of emotional distress.  <u>See</u> Mot.

#### 1.   Cruel and Unusual Punishment

Whitall brings a state law claim for cruel and unusual punishment "in violation of California Constitution's Article I, § 17."  Second Am. Compl. at 27.  Defendants argue that this claim fails as a matter of law because "there is no basis to recognize a claim for

United States District Court
Northern District of California

damages under Article I, Section 17 of the California Constitution." Mot. at 4 (quoting Giraldo v. CDCR, 168 Cal. App. 4th 231, 256 (2009)). Whitall responds by claiming that he seeks declaratory relief under Article I, § 17, not damages.[3] Resp. at 5. In reply, Defendants argue that declaratory relief is not appropriate here, particularly because Whitall gives no detail for its application. Reply at 2.

The Court finds that Whitall's state law cruel and unusual punishment claim is a claim for damages disallowed under California law. When the Court screened Whitall's complaint pursuant to 28 U.S.C. § 1915A(a), it determined which of Whitall's federal and state law claims were arguably cognizable. See Order for Service at 2. The Court then concluded that Whitall's "action for damages" could proceed for these claims. Id. (emphasis added). The Court never said anything about permitting Whitall's action for declaratory relief for any of those claims. Id. That Whitall's state law cruel and unusual punishment claim only seeks damages is further confirmed by the Court's Order reinstating the claim. See Order Granting Mot. to Vacate. In that Order, the Court explained that, while the only issue was the motion to vacate, Whitall's cruel and unusual punishment claim may fail as a matter of law given that damages suits are not permitted under Article 1, §17. Id. at 2 & n.1 (citing Giraldo, 168 Cal. App. 4th at 256). This indicates that the Court understood Whitall's cruel and unusual punishment claim to be proceeding as to damages only. Notably, Whitall did not claim he was seeking declaratory relief when arguing for the claim's reinstatement. See Reply Mot. to Vacate (dkt. 111).

It is therefore clear that the Court permitted Whitall's state law cruel and unusual punishment to proceed only as to damages—both when the Court originally screened his complaint and when the Court reinstated the claim. Because it is undisputed that "there is

---

[3] He also argues that he seeks damages for his cruel and unusual punishment claim under Civil Code § 52.1 (the "Bane Civil Rights Act"). Reply at 5. However, Whitall's claim for cruel and unusual punishment asserts a violation of Article 1 § 17, not the Bane Civil Rights Act. Second Am. Compl. at 27. The question before the Court is therefore whether Whitall's claim under Article 1 § 17 fails as a matter of law. Moreover, because Defendants do not move for summary judgment on Whitall's Bane Civil Rights Act claim, there is no need for the Court to address that provision.

6

no basis to recognize a claim for damages under Article I, § 17 of the California Constitution," see Giraldo, 168 Cal. App. 4th at 256, which is the section Whitall asserts a violation of, the Court grants Defendants' motion for summary judgment on this claim.

However, even assuming that Whitall properly seeks declaratory relief, and that declaratory relief is permitted under Article I, § 17 of the California Constitution, see Arroyo v. Tilton, 2012 WL 1551655, at *9 (E.D. Cal. Apr. 30, 2012), the Court would still grant Defendants' summary judgment motion on this claim. That is because Whitall never specifies the nature of the declaratory relief he is seeking; he simply says he is seeking "declaratory relief" for the Defendants' alleged violations of Article 1, § 17. See Resp. at 5; Second Am. Compl. 44–45. Because he fails to state the contents of his requested declaratory relief, Defendants would still be entitled to judgment as a matter of law on this claim. See, e.g., Sisson v. Gowdy, 2023 WL 2973768, at *1 (S.D. Ind. Apr. 17, 2023) ("Mr. Sisson has failed to specify the contents of the declaratory judgment he seeks, so he has not stated an actionable claim for declaratory relief."); see also Fed. R. Civ. P. 57 ("The demand for relief shall state with precision the declaratory judgment relief.").

### 2. Use of Unnecessary Force

Whitall brings a state law claim for use of unnecessary force, alleging that Defendants acted in violation of section 3268 of Title 15 of the California Code of Regulations. Second Am. Compl. at 34. Defendants assert that there is no implied right of action under Title 15 of the California Code of Regulations, and that they are therefore entitled to summary judgment on this claim. Mot. at 4 (citing Treglia v. Cate, 2010 WL 3398542, at *2. (N.D. Cal. Aug. 26, 2010); Davis v. Powell, 901 F. Supp. 2d 1196, 1211 (S.D. Cal. 2011)).

Whitall does not dispute that there is no implied private right of action under Title 15 of the California Code of Regulations. Resp. at 5. Instead, Whitall claims that his use of unnecessary force claim supports liability under another provision: Civil Code § 52.1 (the "Bane Civil Rights Act"). However, the Defendants do not move for summary judgment on Whitall's Bane Civil Rights Act claim, and the Court's determination of

whether Whitall's Title 15 claim fails as a matter of law has no effect on what allegations may or may not support his separate Bane Civil Rights claim.  Because Whitall concedes he does not have a basis to bring a use of unnecessary force claim under section 3268 of Title 15 of the California Code of Regulations, the Court grants Defendants' motion for summary judgment as to this claim.

### 3.    Elder Abuse Claims

Whitall asserts three state law claims under the Elder Abuse and Dependent Adult Civil Protection Act: (1) dependent adult abuse; (2) battery against a dependent adult; and (3) dependent adult endangerment.  Defendants move for summary judgment on these three claims, arguing that Whitall does not qualify as a "dependent adult."  Mot. at 5–6.

A "dependent adult" is a person, regardless of whether the person lives independently, between the ages of 18 and 64 years who resides in California and has <u>physical or mental limitations that restrict his or her ability to carry out normal activities or to protect his or her rights</u>, including, but not limited to, persons who have physical or developmental disabilities, or whose physical or mental abilities have diminished because of age.[4]  Cal. Welf. & Inst. Code § 15610.23 (emphasis added).

Whitall asserts that a reasonable jury could find him to be a dependent adult based on his physical and mental limitations, specifically his: (1) hearing impairments; (2) mobility impairments; and (3) "severe mental health issues that prevent him from being housed in the prison's general population."  Resp. at 5.  Defendants argue that, while Whitall indeed suffers from physical and mental limitations, those limitations do not qualify him as a dependent adult because he has failed to show that they restrict his ability

---

[4] The Court ordered the parties to submit additional briefing on whether inmates can qualify as "dependent adults" under California's Elder Abuse and Dependent Adult Civil Protection Act (the "Act").  <u>See</u> Dkt. 192, minute entry; Cal. Welf. & Inst. Code §15600.  Both parties found authority that supports the application of the Act to inmates.  <u>See</u> Def. Supp. Br. (dkt. 193) at 2 ("[T]he Act appears to apply to the California Department of Corrections and Rehabilitation's institutions."); <u>see also</u> Pl. Supp. Br. (dkt. 192) at 1 ("[C]ourts in California have allowed prison inmates to bring claims under the Act.").  The Court therefore proceeds on the assumption that inmates, like Whitall, can satisfy the definition of "dependent adult" under the Act, if they otherwise satisfy the elements.

United States District Court
Northern District of California

United States District Court
Northern District of California

1   to carry out normal activities.  Mot. at 6.  They cite Estate of Shinkle, 97 Cal. App. 4th 990

2   (2002), in which the adult in question was found to be a dependent adult because she

3   "needed assistance with most activities of daily living," id. at 1005.

4       The Court agrees with Whitall.  A reasonable jury could find, based on the evidence

5   in the record, that Whitall's mobility impairments and severe mental health issues restrict

6   his ability to "carry out normal activities."  His disability code for his mobility impairment

7   indicates that he "uses an assistive device other than a wheelchair to ambulate, and cannot

8   walk up or down stairs."  Reply at 5 (citing Second Am. Compl. at 7, 18).  Courts have

9   found that "[w]alking, of course, is a normal activity" and that limitations on an adult's

10  ability to walk support a finding that the person is a dependent adult.  People v. Matye, 158

11  Cal. App. 4th 921, 925 (2008).  More importantly, the fact that Whitall resides in

12  Enhanced Outpatient Program ("EOP") Housing, which is appropriate for prisoners who

13  have mental health conditions that cause "impairment in the activities of daily living (e.g.,

14  eating, grooming & personal hygiene, maintenance of housing area, ambulation)," suggests

15  that Whitall's alleged restrictions are, in fact, comparable to that of the adult in Estate of

16  Shinkle.  Id. (citing California Department of Corrections and Rehabilitation (CDCR),

17  Understanding the Enhanced Outpatient Program: Insight into the Programming and

18  Services Available to EOP Patients, available at https://www.cdcr.ca.gov/bph/wp-

19  content/uploads/sites/161/2021/10/MHSDS-ENHANCED-OUTPATIENT-PROGRAM-

20  October2021.pdf (last visited Oct. 18, 2023)).

21      Defendants' reliance on Jay v. Kubly (an unpublished California appellate court

22  case) does not move the needle.  2008 WL 77572, at *5 (Cal. Ct. App. Jan. 8, 2008).  In

23  that case, unlike in Whitall's, there was no evidence that the adult in question "who

24  admittedly lived independently, nonetheless suffered from restrictions in the ability to

25  carry out normal activities."  Id.

26      While Defendants point out facts that could support a contrary conclusion on the

27  "dependent adult" question—such as Whitall's plans to "parole to a hotel, rent a truck, go

28  to garage sales, and buy items to sell at flea markets," see Mot. at 6—the evidence

1    previously described makes it a genuine issue of material fact.  Therefore, the Court denies

2    Defendants' motion for summary judgment on Whitall's three Elder Abuse claims.

3                    **4.    Intentional Infliction of Emotional Distress**

4            Under California law, a plaintiff must prove the following elements to succeed on a

5    claim for intentional infliction of emotional distress ("IIED"): (1) extreme and outrageous

6    conduct by the defendant with the intention of causing, or reckless disregard of the

7    probability of causing, emotional distress; (2) the plaintiff's suffering severe or extreme

8    emotional distress; and (3) actual and proximate causation of the emotional distress by the

9    defendant's outrageous conduct.  Corales v. Bennett, 567 F.3d 554, 571 (9th Cir. 2009);

10   see also Cochran v. Cochran, 65 Cal. App. 4th 488, 494 (1998).  California courts have set

11   a "high bar" for the second element: "Severe emotional distress" means "emotional

12   distress of such substantial quality or enduring quality that no reasonable [person] in

13   civilized society should be expected to endure it."  Kelley v. The Conco Companies, 196

14   Cal. App. 4th 191, 215–16 (2011) (citation omitted).

15          Defendants argue that Whitall's IIED claim fails as a matter of law because he has

16   not set forth facts to establish that he suffered "severe or extreme emotional distress"

17   following the alleged attack.  Mot. at 8.  Specifically, Defendants contend that Whitall's

18   allegations that he suffered from "post-traumatic stress disorder, nightmares, exacerbated

19   depression, exacerbated anxiety, fearfulness, and isolation," see Second Am. Compl. at 23,

20   are the "types of conclusory statements lack[ing] specific facts to show their nature and

21   extent" that courts have rejected.  Mot. at 7–8 (quoting Nelson v. County of Sacramento,

22   926 F. Supp. 2d 1159, 1163 (E.D. Cal. 2013)).[5]

23          Whitall argues that the records produced do show the severity of his emotional

24   distress.  Resp. at 7.  According to his November 2017 medical records, Whitall had

25

26   [5] Defendants appear to also raise questions about whether Whitall was "actually
     experiencing" PTSD, anxiety, and depression.  Reply at 5.  But that issue is a credibility
27   determination for the jury.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986).
     The question for the Court is whether, drawing all reasonable inferences in Whitall's
28   favor—which includes the veracity of his allegations—Whitall's IIED claim fails as a
     matter of law.

United States District Court
Northern District of California

"pressing" PTSD symptoms and nightmares about the February 2017 incident.  See Killeen Decl. Ex. E (dkt. 143-7).  At that time, Whitall also reported that "situations with current guards" cause him "extreme anxiety and he becomes anxious that the [February 2017] incident will repeat itself."  Id.  Whitall further alleged that the incident exacerbated his depression and anxiety.  Second Am. Compl. at 39.

A reasonable jury could conclude from Whitall's allegations that he suffered severe emotional distress as a result of the February 2017 incident.  Whitall's evidence of emotional distress goes "beyond the vague assertions of worry, anxiety and concern that California courts have found insufficient to constitute emotional distress."  Jaramillo v. City of San Mateo, 76 F. Supp. 3d 905, 926 (N.D. Cal. 2014).  Unlike the plaintiff in Nelson, whose allegations of emotional distress were purely conclusory—including "pain, grief, shame, humiliation, embarrassment, anger," 926 F. Supp. 2d at 1163—Whitall includes specific facts related to the nature and extent of his alleged emotional distress.  He alleges that specific situations with guards in prison cause him "extreme anxiety" because of fears the February 2017 incident will happen again.  Killeen Decl. Ex. E (dkt. 143-7). He provides evidence of the nature of the nightmares he is experiencing—namely, that they are about the February 2017 incident.  Id.  And he asserts evidence about the extent of his PTSD symptoms, as well as the extent of his anxiety and depression.  Id. (PTSD symptoms are "pressing"); Second Am. Compl. at 39 (anxiety and depression are "exacerbated").

Very similar allegations were found sufficient to survive a motion for summary judgment on an IIED claim in Jaramillo, 76 F. Supp. 3d at 926.  There, the plaintiff alleged that he was "traumatized and terrified of the police officers" as a result of the alleged force they exercised on him, and that he continued to be "traumatized by this incident and fearful of police." Id.  The court determined that a jury could conclude from these allegations that Jaramillo suffered severe emotional distress, and thus that there was a disputed issue of material fact.  The Court concludes the same for Whitall's allegations here and denies Defendants' motion for summary judgment on Whitall's IIED claim.

United States District Court
Northern District of California

### B.   Defendant Gudino

Defendant Gudino also moves for summary judgment as to all of Whitall's claims against him on qualified immunity grounds.  Mot. at 8–9.  Citing his deposition testimony, Defendant Gudino argues that he has no knowledge of, and there is "no evidence" that he had "any involvement in," the February 2017 incident and therefore he could not have violated clearly established law.  Id.; see also Gudino Depo. (dkt. 137-1, Ex. B) at 71:5–9 ("Q. Do you recall the incident on that day? A. I don't. Q. Do you have any knowledge about what happened on that day? A. No, I don't.").

Whitall claims that there is a disputed issue of material fact as to whether Defendant Gudino was actually involved in the incident.  Resp. at 8.  He cites his own deposition testimony, in which he recalls Defendant Gudino striking him in the face during the alleged attack, see Killeen Decl. Ex. F (dkt. 143-8) at 54:12–22, as well as the SVSP Holding Cell Log, which shows that Gudino was watching over Whitall in the holding cell just minutes before the attack allegedly occurred, see Killeen Decl. Ex. A (dkt. 143-3).

The Court finds Gudino's presence during the attack to be a disputed issue of material fact that should be left to the jury.  The Holding Cell Log shows that Defendant Gudino placed Whitall in the holding cell at 8:05 and checked on him at least three additional times—at 8:20, 8:25, and 8:35.  See Killeen Decl. Ex. A (dkt. 143-3).  Just three minutes later, at 8:38, Defendant Ramirez indicates that Whitall was released from the holding cell, which is when Whitall says the attack occurred.  Id.  It would be perfectly legitimate for the jury to infer from those facts that Defendant Gudino was still there, three minutes after he last filled out the log, and participated in the attack with all the other Defendants at the holding cell.  It would also be perfectly legitimate for the jury to conclude that in those three minutes, Gudino left and did not participate in the attack.  To determine which of these inferences is correct would require the Court to engage in a credibility determination between Whitall's recollection and Gudino's, which is the function of the jury, not the Court.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986).  Therefore, because "conflicting inferences may be drawn from the facts, . . . the

1   case must go to the jury." <u>Santos v. Gates</u>, 287 F.3d 846, 851 (9th Cir. 2002) (quoting

2   <u>Pierce v. Multnomah Cty.</u>, 76 F.3d 1032, 1037 (9th Cir.1996)).

3       Defendants are right that Whitall has minimal evidence of Gudino's alleged

4   participation in the attack, but the conflicting deposition testimony, in addition to the

5   Holding Cell Log, sufficiently raises a fact question that makes summary judgment

6   inappropriate.  The Court therefore denies Defendant Guidino's motion for summary

7   judgment on the rest of Whitall's claims against him.

8   **IV.   CONCLUSION**

9       For the foregoing reasons, the Court GRANTS Defendants' motion for summary

10  judgment on Whitall's state law claims for: (1) cruel and unusual punishment; and (2) use

11  of unnecessary force.  The Court DENIES Defendants' motion as to Whitall's state law

12  claims for: (1) dependent adult abuse; (2) battery against a dependent adult; (3) dependent

13  adult and endangerment; and (4) intentional infliction of emotional distress, and DENIES

14  Defendant Gudino's motion for summary judgment on the rest of Whitall's claims against

15  him.

16      Accordingly, Whitall's lawsuit will now proceed against Defendants Gutierrez,

17  Gudino, Aboytes, Vasquez, Ramirez, and Caballero on the following claims: (1) Eighth

18  Amendment; (2) battery; (3) dependent adult abuse; (4) battery against a dependent adult;

19  and (5) dependent adult and endangerment; (6) intentional infliction of emotional distress;

20  and (7) the Bane Civil Rights Act.

22      **IT IS SO ORDERED.**

23      Dated: October 24, 2023            _____

24                                          CHARLES R. BREYER
                                            United States District Judge