IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAYMOND RICHARD WHITALL,<br>  Plaintiff,<br>  v.<br>J. CABALLERO, et al.,<br>  Defendants. | Case No. 18-cv-01376-CRB<br><br>**ORDER GRANTING MOTION FOR JUDGMENT ON THE PLEADINGS** |

In anticipation of trial, which is scheduled to begin June 2, 2025, Defendants move for judgment on the pleadings as to two of Plaintiff Raymond Richard Whitall's elder-abuse claims. They seek to dismiss one because it has no statutory basis and the other because it is duplicative of a third elder-abuse claim that Defendants do not challenge. The Court finds this matter suitable for resolution without a hearing pursuant to Local Civil Rule 7-1(b) and **GRANTS** Defendants' motion.

## I. BACKGROUND

The thrust of Whitall's claims is that Defendants, prison officers at Salinas Valley State Prison, repeatedly struck him in the head following a strip search on February 28, 2017. Second Am. Compl. (dkt. 8) ¶¶ 49–52. Whitall asserts various claims against Defendants, but only three are relevant here: (1) dependent adult abuse, (2) battery against a dependent adult, and (3) dependent adult endangerment. Id. ¶¶ 105, 114–15.

## II. DISCUSSION

The three above claims are purportedly brought under California's Elder Abuse and Dependent Adult Civil Protection Act. See Cal. Welfare & Inst. Code § 15657. The statute defines "abuse" to include "battery," id. § 15610.63, and does not address

1   "endangerment" of dependent adults. Accordingly, Whitall's battery claim is duplicative
2   of and subsumed by his abuse claim and can be dismissed. See Hearns v. Gonzalez, No.
3   17-cv-38-AWI, 2018 WL 1790800, at *2 (E.D. Cal. Apr. 16, 2018) (dismissing duplicative
4   claims). And his endangerment claim must be dismissed for lack of a statutory basis. See
5   Nzongola v. City of Salinas, No. C-95-20199-JW, 1996 WL 37790, at *2 (N.D. Cal. Jan.
6   19, 1996) (courts can dismiss "claims of infringement of nonexistent rights").

7   Whitall seeks to avoid this result in two ways. First, he argues that he asserted
8   alternative bases than the Elder Abuse and Dependent Adult Civil Protection Act that
9   authorize his standalone battery and endangerment claims. Second, he argues that
10  Defendants' motion is untimely. Neither argument holds water.

### A. Alternative Bases

In Whitall's pro se complaint, he did assert several alternative legal bases for his battery and endangerment claims, including the Eighth and Fourteenth Amendments to the U.S. Constitution; sections 13 and 17 of article I of the California Constitution; California Civil Code sections 43, 51.7, 52, 52.1, 1708, and 1714; 29 U.S.C. § 794; California Penal Code sections 147, 149, 243.25, 368, 422.6, 673, and 2650; and California Government Code section 815.6. But none of these is a viable foundation for his claims.

For one, most of these sources do not authorize private rights of action. See Egbert v. Boule, 596 U.S. 482, 491–92 (2022) (limiting claims directly under the U.S. Constitution); Lesher v. City of Anderson, --- F. Supp. 3d ----, No. 21-cv-386 WBS, 2025 WL 268615, at *4 (E.D. Cal. Jan. 22, 2025) (no claims directly under section 13 of the California Constitution); Giraldo v. Dep't of Corr. & Rehab., 168 Cal. App. 4th 231, 253–57 (2008) (no claims directly under section 17 of the California Constitution); Ruiz v. Gonzalez, No. 22-cv-1133-JDP, 2023 WL 2088364, at *2 (E.D. Cal. Feb. 17, 2023) (no claims directly under the California Penal Code). Others, like the Rehabilitation Act, are not even relevant to purported elder-abuse claims. See Ellison v. USPS, 84 F.4th 750, 756 (7th Cir. 2023) (elements of a Rehabilitation Act claim). These authorities, in other words, cannot themselves be the foundation of Whitall's challenged elder-abuse claims.

So Whitall's argument really boils down to the idea that the Tom Bane Civil Rights Act provides a vehicle through which he can assert his various constitutional and statutory claims. Opp. (dkt. 227) at 7. And to be sure, the Bane Act provides for a private cause of action based on interference with "the exercise or enjoyment by any individual or individuals of rights secured by the Constitution or laws of the United States, or of the rights secured by the Constitution or laws of this state." Cal. Civ. Code § 52.1. But Whitall already has a Bane Act claim. See SAC ¶ 117; MSJ Order (dkt. 196) at 6 n.3. To the extent he alleges that Defendants violated the U.S. and California Constitutions, the California Penal Code, and the California Government Code, his existing Bane Act claim already addresses those violations. See Hearns, 2018 WL 1790800, at *2 (dismissing separate claims under the California Government Code as duplicative of Bane Act claim).

Meanwhile, if Whitall believes that the Bane Act provides a separate cause of action specifically for battery of a dependent adult or dependent adult endangerment, he fails to identify with particularity where that cause of action comes from. Constitutional provisions and statutes that guarantee high-level rights like the right against cruel and unusual punishment, the right to be free from harm, and others are not enough to create the targeted causes of action that Whitall tries to assert here. See Alexander v. Sandoval, 532 U.S. 275, 286 (2001). This is especially true given that the California legislature has already delineated which elder-abuse claims that it wants to recognize. See Katzberg v. Regents of Univ. of Cal., 29 Cal. 4th 300, 325–28 (2002) (considering "the adequacy of existing remedies" and "the extent to which a constitutional tort action would change established tort law").

In short, California has created specific rights and remedies for dependent adults to be free from "abuse," which includes battery. The Court declines to create a separate, standalone cause of action for battery of a dependent adult out of the various high-level statutes and constitutional provisions that Whitall cites. Likewise, the Court will not create a brand-new cause of action for dependent adult endangerment based on those authorities. Whitall can vindicate any rights that those sources guarantee through his Bane Act claim.

### B. Untimeliness

Whitall also argues that Defendants' motion is untimely, stressing that it came seven years into litigation and over a year after the most dispositive order. Opp. at 4–5. But "Rule 12(c) of the Federal Rules of Civil Procedure [] permits motions for judgment on the pleadings at any time, provided that trial is not delayed." Est. of Bojcic v. City of San Jose, No. C05 3877 RS, 2007 WL 3232221, at *1 (N.D. Cal. Oct. 31, 2007) (emphasis in original); see also Spears v. First Am. eAppraiseit, No. 08-CV-868-RMW, 2013 WL 1748284, at *2 (N.D. Cal. Apr. 23, 2013) (rejecting untimeliness argument even though defendant "had multiple opportunities to raise its pleading points"). Whitall does not explain how trial would be delayed by Defendants' motion—if anything, the Court's ruling dismissing two claims will streamline trial preparation. Compare Erhart v. Bofl Holding, Inc., 287 F. Supp. 3d 1046, 1062–63 (S.D. Cal. 2019) (denying motion for judgment on the pleadings where defendants sought to "dispose of only part of certain claims").

Whitall argues that Defendants waived their arguments by failing to raise them earlier. Opp. at 5 (quoting Fed. R. Civ. P. 12(g)(2)). That is incorrect. Although Defendants style their motion as one to "clean up" Whitall's complaint, id. (quoting Mot. (dkt. 225) at 2), their basic argument is that the challenged elder-abuse causes of action fail to state a claim upon which relief can be granted. As the Court has explained, Whitall's battery claim is entirely duplicative of his abuse claim, so relief cannot be granted as to his battery claim because of the rule against double recovery. See Fuller v. Capitol Sky Park, 46 Cal. App. 3d 727, 134–35 (1975). And Whitall fails to state a claim at all as to endangerment, which is not contemplated by the statute. Because Defendants' motion attacks whether Whitall has adequately stated a claim upon which relief can be granted, their arguments are not waived by failing to raise them earlier. Fed. R. Civ. P. 12(h)(2).[1]

---

[1] Even if Defendants had waived their arguments, the Court retains authority to strike "any redundant, immaterial, impertinent, or scandalous matter … on its own." Fed. R. Civ. P. 12(f)(1). As explained above, the Court holds that Whitall's battery claim is redundant of his abuse claim, and his endangerment claim (if viable) is redundant of his Bane Act claim.

### III. CONCLUSION

For the foregoing reasons, the Court **GRANTS** Defendants' motion and dismisses Whitall's claims for battery of a dependent adult and dependent adult endangerment.

**IT IS SO ORDERED.**

Dated: March 5, 2025



CHARLES R. BREYER
United States District Judge

5