IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAYMOND RICHARD WHITALL,<br>Plaintiff,<br>v.<br>J. CABALLERO, et al.,<br>Defendants. | Case No. 18-cv-01376-CRB<br><br>**ORDER DENYING MOTION TO FILE UNDER SEAL** |

Defendants move to seal an Office of Internal Affairs investigation report relating to the February 28, 2017 incident at the center of Whitall's claims against Defendants. See Mot. (dkt. 335). To justify sealing, Defendants must show that "compelling reasons supported by specific factual findings" overcome "the general history of access and the public policies favoring disclosure." Kamakana v. City & County of Honolulu, 447 F.3d 1172, 1178–79 (9th Cir. 2006) (citation omitted). To that end, they contend that the OIA report should be sealed because it contains "OIA agents' review and impressions of the supporting documents and evidence of the alleged employee misconduct" and "identifying information, such as OIA agents' full names and confidential statements made by the parties." Mot. at 3.

These reasons do not warrant filing the full OIA report under seal. Defendants fail to explain why "agents' review and impressions" should be shielded from the public view, citing only to "the impartiality of the investigative process" and "the integrity of the department." Id. These vague notions do not outweigh the "strong presumption in favor of access." Kamakana, 447 F.3d at 1178. As for OIA agents' identifying information, that can readily be redacted without sealing the entire document. See Foltz v. State Farm Mut.

Auto. Ins. Co., 331 F.3d 1122, 1137 (9th Cir. 2003) (reversing district court order sealing entire document when "a small number of third-party medical and personnel records [] can be redacted with minimal effort"); Civ. L.R. 79-5(a) ("A party must … avoid wherever possible sealing entire documents (as opposed to merely redacting the truly sensitive information in a document).").

Accordingly, the Court **DENIES** Defendants' motion to file the OIA report under seal. This is without prejudice to a future motion to file a redacted copy of the OIA report that redacts sensitive personal information contained therein.

**IT IS SO ORDERED.**

Dated: August 4, 2025



CHARLES R. BREYER
United States District Judge