1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

United States District Court
Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

RAYMOND RICHARD WHITALL,

Plaintiff,

v.

J. CABALLERO, et al.,

Defendants.

Case No.  18-cv-01376-CRB

**ORDER DENYING MOTION FOR NEW TRIAL**

In June 2025 the Court held a jury trial in this excessive-force case.  The jury found all Defendants not liable on all counts, Jury Verdict (dkt. 322), and the Court subsequently entered judgment for Defendants and against Plaintiff, Judgment (dkt. 330).  Plaintiff now moves for a new trial, arguing that the Court's exclusion of evidence from Lieutenant Mireles and of certain deposition testimony from J. Caballero caused Plaintiff substantial prejudice.  Mot. (dkt. 333).  The Court disagrees and **DENIES** Plaintiff's motion.

Federal Rule of Civil Procedure 59(a)(1)(A) authorizes the Court to grant a new trial "for any reason for which a new trial has heretofore been granted in an action at law in federal court."  This includes erroneous evidentiary rulings if, and only if, the ruling caused substantial prejudice to the moving party.  Ruvalcaba v. City of Los Angeles, 64 F.3d 1323, 1328 (9th Cir. 1995).

Plaintiff first challenges the Court's exclusion of evidence from Lieutenant Mireles, who conducted an initial review of Plaintiff's excessive-force allegations and recommended that they be investigated further by the Office of Internal Affairs. Defendants moved in limine to exclude Lieutenant Mireles's report and testimony as irrelevant, unduly prejudicial, confusing, misleading, speculative, lacking in personal

United States District Court
Northern District of California

knowledge, and based on hearsay. Defs.' MIL 2 (dkt. 249). The Court granted

Defendants' motion and sustained Plaintiff's related objection to evidence from Chief

McFadyen, who oversaw the OIA investigation. May 29, 2025 Trial Tr. (dkt. 324) at

94:20–22. Such evidence would have had such limited probative weight and such a high

likelihood of distracting the jury from the actual issues—whether Defendants used

excessive force on Plaintiff on February 28, 2017—that the Court properly excluded it

under Federal Rule of Evidence 403. Any evidence from Lieutenant Mireles would have

led to an unnecessary trial within a trial as to whether there was sufficient evidence of

excessive force to pass the complaint along to OIA, a different question than whether

Defendants actually used excessive force. See In re Ford Motor Co. DPS6 Powershift

Transmission Prods. Liab. Litig., No. ML 18-2814-AB, 2019 WL 7185548, at *3 (C.D.

Cal. Dec. 9, 2019) (trial within a trial that would "likely cause confusion and waste time"

inadmissible under Rule 403); Duran v. City of Maywood, 221 F.3d 1127, 1133 (9th Cir.

2000) (exclusion under Rule 403 is proper where "the marginal value of the evidence is

'substantially outweighed by the danger of confusion of the issues, or misleading the jury,

or by consideration of undue delay, and waste of time'" (cleaned up)). And such a

distraction would have risked confusing the jury as to the appropriate burden and legal

standard. Accordingly, the exclusion of Lieutenant Mireles's report and testimony was not

in error and does not warrant a new trial.

Plaintiff next challenges the Court's refusal to allow Plaintiff to attempt to impeach

Caballero during his trial testimony with what Plaintiff believes to be a prior inconsistent

statement. Caballero's statement at trial was as follows:

> Q: And before submitting a crime incident report, everyone who
> was involved in the incident meets first to go over who was
> involved and what occurred; is that right?
>
> A: There's after-action.
>
> Q: And what does the after-action consist of?
>
> A: Details of who the person was, whether—their number,
> where they're housed, what type of force was used, and that's
> about it. Just informative.

2

United States District Court
Northern District of California

Q:  You don't talk about what happened during the incident?

A:  No.

June 3, 2025 Trial Tr. (dkt. 326) at 340:16–25.  And his deposition testimony was as follows:

Q:  So you are able to discuss the incident before submitting the report?

…

A:  There's a—there's a meeting where we just—I don't get—I don't get what you're trying—like we talk about, okay, who was involved and to get people—to get who was reported in there. So yes, we do talk about it to get a head count, who was involved, what occurred, and that's—and for reporting purposes, yes.

…

Q:  And in this meeting, you discuss who was involved and what occurred; is that correct?

A:  Just yeah.  Just to see who was involved and what—what was—what occurred, yeah.  What was the crime and incident— … —injuries reported.

Q:  And do you discuss, during this meeting, what you will put in your incident report?

A:  No.

Caballero Dep. Tr. (dkt. 336-1, Ex. A) at 61:1–.  Plaintiff contends that this deposition testimony, where Caballero says that officers would discuss "what occurred," is different than his trial testimony that they "don't talk about what happened during the incident." Mot. at 5–6.  But this parses Caballero's testimony too finely.  Both in his deposition and at trial, he testified that officers would talk about certain things, such as who was involved, what type of force was used, and what the alleged injuries were.  And both in his deposition and at trial, he testified that officers would not talk about other things, like what they would put in their incident report.  Thus, "one could reasonably maintain that both the witness'[s] testimony and the witness'[s] prior statement were equally truthful when uttered," United States v. Shuemake, 124 F.4th 1174, 1177 (9th Cir. 2024) (citation omitted), and there was no inconsistency.  Moreover, given the minimal disparities

3

1    between Caballero's trial testimony and his deposition testimony, any prejudice to Plaintiff

2    from excluding his deposition testimony as impeachment evidence would be minimal, not

3    substantial (as is required for a new trial motion).  <u>Ruvalcaba</u>, 64 F.3d at 1328.

4         For the foregoing reasons, the Court **DENIES** Plaintiff's motion for a new trial.

5         **IT IS SO ORDERED.**

6         Dated: August 11, 2025



CHARLES R. BREYER
United States District Judge